UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX NACEDO FLORES,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI-MENDOTA,<br><br>    Respondent. | No. 1:24-cv-00180-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 8]**<br><br>**[FOURTEEN DAY DEADLINE]** |

    Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On February 7, 2024, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) On February 9, 2024, the Court issued an order directing Respondent to file a response to the petition. (Doc. 5.) On April 8, 2024, Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies, failure to state a claim, and for mootness insofar as Petitioner has been released from custody. (Doc. 8.) For reasons discussed below, the Court recommends that the motion be GRANTED and the petition be DISMISSED.

**DISCUSSION**

    Petitioner filed the instant petition challenging a June 21, 2023, prison disciplinary

1

hearing in which Petitioner was found guilty of failing to provide a urine sample (BOP Code 110).  (Doc. 1.)  Petitioner was sanctioned with a loss of 41 days of good conduct time credits.  (Doc. 8-1 at 18.)  He did not fully exhaust his administrative remedies.

On March 8, 2024, Petitioner was released from BOP custody. See Flores v. Warden, Case No. 1:23-cv-01587-JLT-SKO, Doc. 22-1 at 2.[1]  Petitioner is no longer a Bureau of Prisons inmate, and Respondent submits that Petitioner has been deported to Mexico. (Doc. 8 at 2 fn.2.)

I.     Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Further, a court may take judicial notice of its own records in other cases, as well as other courts' records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The Court hereby takes notice of Petitioner's other case in this Court, Flores v. Warden, Case No. 1:23-cv-01587-JLT-SKO.

542.10 et seq.

According to Respondent, Petitioner has failed to request relief through the BOP's administrative remedy process with respect to this disciplinary proceeding. Thus, the claims are unexhausted. The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). The exhaustion requirement should not be excused in this case because Petitioner has deliberately bypassed the administrative scheme.

II.     Failure to State a Claim

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision of the prison disciplinary board be supported by "some evidence." Hill, 472 U.S. at 456-457.

Petitioner claims two violations of due process: 1) He contends he was found guilty of failing to timely provide a urine sample even though he was not properly timed; and 2) He claims he was not provided a copy of the DHO report after the hearing.

First, the record is replete with evidence that Petitioner failed to timely provide a urine sample. The record shows that Petitioner was informed at 10:45 p.m. on June 7, 2023, that he was to provide a urine sample within two hours. (Doc. 8-1 at 17-18.) The report states he was given water and numerous opportunities to provide a sample. (Doc. 8-1 at 18.) The record further reflects that at 12:45 a.m. on June 8, 2023, Petitioner had not provided a urine sample within the two-hour window. (Doc. 8-1 at 21.) The reporting officer's statement constitutes at least some evidence to support the guilty finding. Petitioner contends that he was not provided stopwatch timing, but there is no requirement that he be afforded such. Moreover, the reporting officer's statement concerning the time was sufficient evidence to satisfy due process.

Second, although Petitioner claims he was not provided a copy of the DHO report following the hearing, according to the report Petitioner was provided with a copy on July 31, 2023. (Doc. 8-1 at 29.) Petitioner cannot dispute that the report constitutes some evidence to support the finding that the document was served on Petitioner. Thus, Respondent is correct that the claims are meritless.

III.    Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)). When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. Fender v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988). Because Petitioner is no longer in custody, the petition is moot.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after service of the proposed Findings and Recommendation, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to any objections may be filed within ten (10) days after date of service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 13, 2024**                        /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE